IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BENNIE L. WILLIAMS (# N7417)**                                       **PLAINTIFF**

**v.**                                                                                        **No. 4:13CV91-A-A**

**CHRISTOPHER EPPS, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Bennie L. Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Williams alleges that the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by denying him adequate medical care. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Bennie L. Williams is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. On June 17, 2004, while processing vegetables on the dock with a dolly, he lost his footing on the smooth concrete and injured his shoulder and right knee. X-rays were performed on him in the hospital at Unit 42, and he was treated with ibuprofen and an ice pack. On June 25, 2004, Williams submitted a sick call request because both his right knee and left shoulder were in great pain. He received a Rule Violation Report that same day for refusing to go to work at processing. On July 2, 2004, he visited Medical Services and was told that there was nothing seriously wrong with his right knee – that it was just sprained. He was treated again with ibuprofen.

He was transferred to the Marshall County Correctional Facility on May 16, 2005, and he informed prison officials that he had injured his knee at the Mississippi State Penitentiary. He was

given crutches and told that he must wait 90 days to see a specialist. He underwent surgery on February 26, 2007, at Baptist Memorial Hospital in Oxford, Mississippi, where the surgeon repaired "right medial and lateral meniscus tears and right anterior cruciate ligament injury." The surgery occurred 3 years and 4 months after his injury.

On June 2, 2011, Williams was transferred from the Marshall County Correctional Facility back to the Mississippi State Penitentiary. Despite his surgery, he is still experiencing moderate pain in his right knee. He underwent x-rays on December 26, 2012, at the Unit 42 Hospital. Dr. Burke told Williams that there was nothing further that could be done. Williams was not sent to a specialist. On January 9, 2013, Williams filed a grievance seeking further treatment for his painful right knee. On February 12, 2013, Dr. Lorenzo Cabe responded to Williams' grievance, explaining that the pain in his knee was from osteoarthritis and that his orthopedist should have explained to him that he must accept arthritis. Williams proceeded to the second step of the process, to which Dr. Cabe also responded on March 19, 2013, saying, "There are no procedures to correct an osteoarthritis which you attained after surgery to correct your MCL tears. The orthopod should have explained to you that you will have this problem since the body was breached." Williams believes that a procedure exists to ease the pain in his knee, though he has not identified such a procedure.

### Statute of Limitations

Williams filed the present case on May 16, 2013. As such, his claims arising out of events occurring prior to May 16, 2010, are barred by Mississippi's 3-year general statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an

injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Thus, though the facts set forth above provide a history of events leading up to the filing of this case, the events occurring prior to May 16, 2010, cannot provide a basis for Williams' present suit.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his

serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Though the court sympathizes with Williams' frustration at having a pain in his knee that will not go away, the facts of this case do not state a claim for denial of adequate medical care. As detailed above, Williams was treated in 2004 at the Mississippi State Penitentiary initially with ibuprofen and ice packs. The penitentiary doctor performed x-rays and diagnosed Williams with a sprained knee. He was examined again, and the doctor could not identify any serious problems with his knee. It appears that Williams' knee caused him more difficulty over the years, and he eventually had surgery to correct tears in the cushioning and connective tissue in his knee. Williams acknowledges that this provided him a great deal of relief, though he still suffered from lingering pain. When he was examined again, the doctor told him that the pain in his knee was from osteoarthritis, which is a degenerative condition which a patient must accept and manage.

Williams injured his knee, and the medical staff performed diagnostic testing and treated the injury. None of Williams' allegations rise to the level of deliberate indifference as set forth above. Though some of the medical staff may have misdiagnosed Williams' condition, there is not one allegation that any of the medical staff knew the exact nature of his injuries and, nonetheless, refused to treat it. Several years later, when further testing revealed more extensive injury than previously thought, Williams underwent surgery to correct the problem. Surgical procedures sometimes provide complete relief, but sometimes only partial relief. From the allegations it appears either that Mr. Williams only enjoyed partial relief from his surgery – or that arthritis set in years after the surgery performed on his injured knee. Either way, Williams has not alleged that any medical personnel intentionally ignored his serious medical needs. Williams disagrees with the course of treatment, but that disagreement cannot be the basis for a claim of denial of adequate medical care under 42 U.S.C. §

1983.  As such, the instant case must be dismissed for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 10th day of December, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**